UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| SHARON SEABROOKS, | ) | Civil Action No.: 1:15-cv-4235-JMC-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| AIKEN COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### I.    INTRODUCTION

This case arises from Plaintiff's employment as and subsequent termination from her position as an assistant to the Clerk of Court in Aiken County. Under 42 U.S.C. § 1983, Plaintiff alleges a claim for violation of her due process rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution. She also alleges state law claims for wrongful discharge in violation of public policy, breach of contract, quantum meruit, equitable estoppel, violation of the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10, et seq., and defamation. Presently before the court is Defendant's Motion to Dismiss (Document # 3). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), DSC. This report and recommendation is entered for review by the district judge.

### II.    FACTUAL ALLEGATIONS

Plaintiff was hired as a Jury Clerk on or about March 26, 2012. Am. Comp. ¶ 5. Plaintiff took the oath as a deputy clerk on or about March 30, 2012. Godard Decl. Ex. 1. The Clerk of Court has authority to hire, dismiss, and supervise her employees, including Plaintiff. Am. Comp. ¶ 9. Upon announcement by the Assistant to the Clerk of Court that she would be resigning, Plaintiff applied for and was awarded the position. Am. Comp. ¶¶ 8-11. Plaintiff did not receive a pay

increase as a result of the change in jobs from Jury Clerk to Assistant to the Clerk of Court. Am. Comp. ¶¶ 13, 54, 61-62. However, she moved into the office of the previous Assistant to the Clerk of Court and was given the tasks and responsibilities associated with that position. Am. Comp. ¶ 15.

On or about April 16, 2013, when Plaintiff received a new badge for entry into the courthouse, it did not reflect the title Assistant to the Clerk of Court. Am. Comp. ¶ 22. When Plaintiff asked about the discrepancy in title, she was told by Human Resources that the Clerk of Court, Liz Godard, had not submitted paperwork informing the County of a change in title. Am. Comp. ¶ 23. The next morning, Plaintiff asked to meet with the Clerk of Court and the Civil Division Supervisor, Anita Knoepfle, to discuss what she had been told by Human Resources. Am. Comp. 24.

Plaintiff then returned to Human Resources and inquired about filing a grievance in response to Godard's actions. Am. Comp. ¶ 25. She obtained a grievance package to complete, and filed the grievance on May 6, 2013. Am. Comp. ¶¶ 26-27. On May 13, 2013, Plaintiff met with Knoepfle and Godard, and Godard denied her grievance. Am. Comp. ¶ 30. On or about May 23, 2013, the Clerk of Court dismissed Plaintiff due to insubordination. Am. Comp. ¶ 32.

### III.  PROCEDURAL HISTORY

Plaintiff originally filed this action in the court of common pleas, Aiken County, South Carolina, on May 22, 2015. However, that summons and complaint was not served and an amended summons and complaint were filed on September 17, 2015. The amended summons and complaint were served on Robin Broome, an assistant for the Human Resources office for Aiken County. (Broome Decl. ¶¶ 2-3). Process server Winifred Rodgers averred that she was told that Broome was authorized to accept service of process. Defendant removed the action to this court on October 15,

2015, and filed the present motion to dismiss.

IV.    DISCUSSION

    A.    Fed.R.Civ.P. 12(b)(5)

Federal Rule of Civil Procedure 12(b)(5) provides for the dismissal of an action for insufficient service of process. When service of process is attempted prior to removal of the action to the District Court, the state rules for service of process govern. See Redding v. Sun Printing, Inc., No. 5:12-cv-2113-JMC, 2013 WL 2149685 (D.S.C. 2013), *1 n.1; accord Davis v. Tyson Foods, Inc., No. 3:14-cv-0720-GCM, 2015 WL 4638301, *1 (W.D.N.C. 2015) ("When service of process is attempted before removal to federal court, the state's service of process rules govern whether the attempt was sufficient."). Under South Carolina law, service on a county must be made "by delivering a copy of the summons and complaint to the chief executive officer or clerk thereof." S.C.R.Civ.P. 4(d)(6). For Aiken County, the County Administrator fills the role of chief executive officer because Aiken County operates under the council-administrator form of government. S.C. Code § 4-9-630(1) (administrator is "to serve as the chief administrative officer of the county government"); Antley v. Shepherd, 532 S.E.2d 294, 297 (S.C. Ct. App. 2000) ("Aiken County functions under the Council-Administrator form of government."). Clay Killian is the County Administrator. Broome Decl. ¶ 4.

It is undisputed that service was made upon Robin Broome, an assistant in Aiken County's Human Resources Department, and that Robin Broome was not authorized to accept service of process. Thus, service was not proper pursuant to S.C.R.Civ.P. 4(d)(6). However, 28 U.S.C. § 1448 provides that "[i]n all cases removed from any State court to any district court … in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court." This statute, inter alia, gives a

-3-

plaintiff in an action that has been removed to federal court a second chance to serve a defendant who was not properly served prior to removal. See 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1082 at 428 (3d ed.2002) ("[A] defect in service that occurs prior to removal can be cured after removal by the federal court issuing new process or by an amendment of the original process.").

Defendant argues that dismissal is appropriate as to Plaintiff's wrongful discharge and defamation claims because the statute of limitations for those claims expired prior to removal and, thus, Plaintiff cannot use § 1448 to correct the defect in service in state court. Specifically, Defendant argues that Plaintiff's wrongful discharge and defamation claims fall within the South Carolina Tort Claims Act's two year limitations period. It is undisputed that Plaintiff's cause of action accrued on May 23, 2013, the day she was fired. Thus, the two year statute of limitations period would have run on May 23, 2015. Plaintiff filed the present action in state court on May 22, 2015. Under South Carolina law, she had the greater of 120 days, or the remainder of the statute of limitations, in which to serve the lawsuit. S.C.R.Civ.P. 3(a); S.C. Code § 15-3-20(B) ("A civil action is commenced when the summons and complaint are filed with the clerk of court if actual service is accomplished within one hundred twenty days after filing."). Plaintiff's 120-day period to serve the lawsuit ran on September 19, 2015. Plaintiff amended the complaint and purported to serve it by process server on September 17, 2015.

In arguing that Plaintiff cannot save her wrongful discharge and defamation claims by curing service defects pursuant to § 1448, Defendant cites to Witherow v. Firestone Tire & Rubber Co., 530 F.2d 160, 168 (3rd Cir. 1976), superseded by statute on unrelated grounds, which held that "§ 1448 cannot be utilized to breathe jurisprudential life in federal court into a case legally dead in state

-4-

court."[1]  The court need not reach this issue, however, because the only federal cause of action alleged in this case, which, under § 1983 has a three year statute of limitations and for which service could have been perfected pursuant to § 1448 had Plaintiff so moved, is insufficient to state a claim upon which relief could be granted.  Therefore, for the reasons discussed below, Plaintiff's § 1983 claim should be dismissed, and the remaining state law claims should be remanded to state court.  Cf. Acosta v. A&G Management Co., Inc., No. WMN-14-515, 2014 WL 1236918, *1 (D.Md Mar. 25, 2014) (declining to address service issues under § 1448 in light of the plaintiff's failure to state any federal cause of action and remanding the remaining state law claims).

    **B.**    **Fed.R.Civ.P. 12(b)(6)**

A Rule 12(b)(6) motion examines whether Plaintiff has stated a claim upon which relief can be granted. The United States Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

---

[1] The court notes that, in Witherow, after the defendant filed its Rule 12(b)(5) motion to dismiss, the plaintiff moved to perfect service pursuant to § 1448.  Here, Plaintiff has made no such motion.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 556 U.S. at 677-78 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir.2003).

Defendant argues that Plaintiff was not an employee of Aiken County and, thus, any claims arising from the termination of her employment fail as a matter of law. Plaintiff's only federal cause of action is for violation of her procedural and substantive due process rights. She alleges that she "requested to grieve the lack of pay or position for the job she was performing . . . and to grieve her termination." Am. Comp. ¶ 47. She alleges that she "was denied grievance rights due to no fault of her own, but rather because of an intentional or negligent inaction on the part of employees and agents of Aiken County." Am. Comp. ¶ 48.

Plaintiff alleges Liz Godard is the Clerk of Court for Aiken County and is "vested with power to make certain decisions with regards to the adoption and enforcement of courthouse policies and with regard to the hiring and firing of employees." Am. Comp. ¶ 7. Plaintiff applied for the position as Godard's assistant. Am. Comp. ¶ 9. She interviewed with Godard for the position and "Godard awarded [Plaintiff] the Clerk's Assistant position." Am. Comp. ¶¶ 10-11. Godard monitored and supervised Plaintiff. Am. Comp. ¶ 18.

In South Carolina, county Clerks of Court are elected officials. S.C. Const. art. V, § 24. They are not under the control of their counties, but rather "are part of the State of South Carolina's unified judicial system . . ." Williams v. Russo, 2013 WL 5570058, at *3 (D.S.C. Oct. 8, 2013) (citing S.C. Code Ann. §§ 14–1–40, 14–17–10); see also Robinson v. McBride, 2013 WL 2099491,

*4 (D.S.C. Apr. 12, 2013) ("By virtue of Article V [of the South Carolina Constitution], . . . [c]it[ies] and . . . [c]ount[ies] do not exercise administrative or supervisory authority over municipal courts, magistrates' courts, probate courts, family courts, or circuit courts of the State of South Carolina located within their geographical boundaries."). Aiken County operates under a council-administrator form of government. Under this system, "the county administrator shall exercise no authority over any elected officials of the county whose offices were created either by the Constitution or by the general law of the State." S.C. Code Ann. § 4-9-650. Additionally, a county's "employment and discharge authority does not extend to any personnel employed in departments or agencies under the direction of an elected official . . ." S.C. Code Ann. § 4-9-30(7). The South Carolina Supreme Court has held that § 4-9-30(7) prohibits a county from exercising "employment authority" over employees of elected officials. Eargle v. Horry County, 334 S.C. 449, 456 n. 5, 545 S.E.2d 276, 280 n.5 (2001).[2]

Both this court as well as the Fourth Circuit have recognized that counties in South Carolina do not employ the employees of elected officials. The issue addressed in Amos-Goodwin v. Charleston County Council, No. 97-2321, 1998 WL 610650 (4th Cir. Aug. 27, 1998) is similar to the one presently before the court. In Amos-Goodwin, several employees hired by former probate judges

---

[2] Eargle was the elected county auditor for Horry County. Several of the employees in her office attended a funeral during work hours without taking leave or clocking out, as county personnel policy required. As a result of their being involved in a wreck on the way to the funeral in a county vehicle, the employees' violation of county personnel policy came to the attention of the county administrator, who decided that they should be disciplined by being suspended without pay for several days. When the county administrator announced her intent to discipline the auditor's employees, the auditor commenced a declaratory judgment action seeking a determination that the county administrator lacked the authority to discipline an elected official's employees. The South Carolina Supreme Court sustained the auditor's position, holding that the county administrator lacked the power to discipline an elected official's employees even where their conduct indisputably violated county personnel policy. Eargle, 334 S.C. at 451-453, 545 S.E.2d at 277-78.

as clerks of the probate court were discharged from employment by a newly elected probate judge. Id. at *1.  They brought suit against the probate judge, Charleston County, and Charleston County Council under 42 U.S.C. § 1983, alleging that the defendants violated their First and Fourteenth Amendment rights by firing them for their political affiliation and for depriving them of participation in the grievance procedures established by the County. Id.  The Fourth Circuit affirmed the district court's decision granting the motion to dismiss filed by Charleston County and Charleston County Council because (1) these defendants had no authority over the employees of an elected official and, (2) because they were employees of the probate judge and not the county, they were not entitled to a grievance hearing. Id. at *2.  Plaintiff argues that Amos-Goodwin is distinguishable from the present case because Plaintiff was not an elected official and she was not given a clerk's commission.  However, the employees in Amos-Goodwin were not elected officials but, like Plaintiff, were employed by an elected official.  Furthermore, although the court references the fact that the employees were given a clerk's commission, the court specifically cites § 4-9-30(7) in holding that the county had no authority over the employees because they were employees of the probate judge, not the county. Id. at *2.

Plaintiff also argues that Aiken County was her employer as evidenced by the facts that she was given an employment packet from Aiken County, including an Aiken County Personnel Manual and an Aiken County Personnel Policy Review, and received payroll checks from Aiken County.[3]

---

[3] Plaintiff attaches to her response to the motion to dismiss an affidavit and several exhibits. Defendant also attached to its motion a copy of Plaintiff's appointment as deputy clerk. As a general rule, extrinsic evidence should not be considered at the 12(b)(6) stage. Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004). If a party attaches documents to a motion to dismiss, the simplest course for a court to take is to disregard them. See Finley Lines Joint Protective Bd. Unit 200 v. Norfolk S. Corp., 109 F.3d 993, 996 (4th Cir.1997).  However, Defendant argues that Plaintiff's oath of office is a public record, of which the court may take judicial notice when considering a motion to dismiss. Hall v. Virginia, 385 F.3d 421, 424 n.3 (4th

Even assuming these facts, which were not included in the Amended Complaint, to be true, this court has previously addressed and rejected such an argument. The plaintiff in <u>Waters v. Orangeburg County</u>, No. 5:99-1115, 2000 WL 33417008 (Aug. 1, 2001), was employed by the Auditor of Orangeburg County, an elected official. <u>Id.</u> at *1. She brought a Title VII action against the County, and the County argued that the plaintiff was employed by the Auditor, not the County. <u>Id.</u> at *2. The magistrate judge disagreed, and found that County Council's authorization of funds for the plaintiff's salary and benefits was determinative of who the proper employer was. <u>Id.</u> The district judge declined to accept the recommendation of the magistrate judge and held that the County was not the plaintiff's employer. <u>Id.</u> In so holding, the court noted that

> each county must provide the office of county auditor with office space, furniture, equipment, and other tools necessary to perform the functions of the office. [S.C. Code Ann.] § 4–1–80. The county uses its taxing authority to generate revenues to fund the payment of salary and benefits for auditor's office employees. The supplemental salaries of county auditors are provided by the state. [S.C. Code Ann.] § 8–15–65. The county has no employment or discharge authority over any personnel employed in the auditor's office. [S.C. Code Ann.] § 4–9–30(7).

<u>Id.</u> at *4. The court held that the County's statutory obligation to pay the plaintiff's salary and benefits was inadequate to confer employer status on it. <u>Id.</u> at *5. Likewise, in <u>Watford v. Mizell</u>, No. 5:00-cv-989-CMC, (D.S.C. Mar. 13, 2001), this court held that "[t]he incidental benefits provided by the county – i.e., use of its taxing authority to raise revenues to fund Plaintiff's salary and the provision of orientation training – do not overcome the principal fact that the Orangeburg County Clerk of Court is a wholly autonomous elected officer exercising exclusive control over personnel decisions." With respect to the office of the Clerk of Court, the County provides the Clerk

---

Cir. 2004). Nevertheless, the court declines to consider any of the affidavits or exhibits submitted for consideration of the motion to dismiss and will evaluate the motion under the usual standard of review applicable to such motions, as set forth above.

of Court office space, furniture, stationery and other items necessary to run the office. S.C. Code § 4-1-80. The County also appropriates funds for the operation of the Clerk's Office and pays the salaries of the Clerk, her deputies and employees as required by state law. S.C. Code Ann. § 4-9-30(5)(a) (responsibility for appropriation includes "courts and criminal justice administration"); S.C. Code § 8-21-300 (clerks of court to receive salaries from the county). The state provides for a salary supplement that is paid to and must be distributed by the County. S.C. Code § 8-15-65. Accordingly, Plaintiff's argument on this point is unavailing.

In sum, Plaintiff was not an employee of Aiken County. Therefore, the County cannot be liable for any alleged violation of Plaintiff's due process rights resulting from her salary or her termination. Further, as in Amos-Goodwin, because she was not an employee of Aiken County, she was not entitled to a grievance hearing. As set forth in S.C. Code Ann. § 4-9-30 as well as the reasoning in Eargle, Aiken County lacked the authority to control the employment of Plaintiff. That responsibility and authority was vested in Plaintiff's employer, the Clerk of Court. Thus, her procedural and substantive due process rights claims for failure to provide her with a grievance procedure, if any, would be against her employer. As such, dismissal of Plaintiff's § 1983 cause of action for due process violations is proper.

    **C.    State Law Claims**

If the district judge accepts this report and recommendation, the original federal jurisdiction cause of action will be dismissed and the only remaining claim will be Plaintiff's state law claims. Title 28 U.S.C. § 1367(c)(3) provides, in pertinent part, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction...." The Fourth Circuit has recognized that "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have

been extinguished." Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir.1995) (holding district court did not abuse its discretion in declining to retain jurisdiction over the state law claims). See also, e.g., United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726–27, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); Revene v. Charles County Comm'rs, 882 F.2d 870, 875 (4th Cir.1989). Therefore, the undersigned recommends that the district judge decline to retain jurisdiction over Plaintiff's state law claims and remand this action to the Court of Common Pleas, Aiken County.

## V.     CONCLUSION

For the reasons discussed above, it is recommended that Defendant's Motion to Dismiss (Document # 3) be granted as to Plaintiff's federal cause of action (second cause of action) under 42 U.S.C. § 1983, and the remaining state law claims be remanded to the Court of Common Pleas, Aiken County.

 s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

May 31, 2016  
Florence, South Carolina