#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF SOUTH CAROLINA
#### AIKEN DIVISION

| | |
|---|---|
| Sharon Seabrooks, ) | |
| ) | Civil Action No. 1:15-cv-04235-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Aiken County, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff Sharon Seabrooks ("Plaintiff") filed this action against Defendant Aiken County ("Defendant" or "Aiken County") alleging a claim under 42 U.S.C. § 1983 for violation of her due process rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution. She also alleges state law claims for wrongful discharge in violation of public policy, breach of contract, quantum meruit, equitable estoppel, violation of the South Carolina Payment of Wages Act, S.C. Code Ann. §§ 41-10-10 to -110 (2016), and defamation. This matter is before the court on Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(5) and Fed. R. Civ. P. 12(b)(6) (ECF No. 3).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) D.S.C., the matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pretrial handling. On May 31, 2016, the Magistrate Judge issued a Report and Recommendation ("Report") in which he recommended that the court grant Defendant's Motion to Dismiss. (ECF No. 13.) For the reasons set forth herein, the court **GRANTS IN PART** Defendant's Motion to Dismiss.

### I. Relevant Factual and Procedural Background

Plaintiff was hired as a Jury Clerk on or about March 26, 2012. (ECF No. 1-1 at 4 ¶ 5.) Plaintiff took the oath as a deputy clerk on or about March 30, 2012. (Id. at 5 ¶ 9.) The Clerk of

1

Court has authority to hire, dismiss, and supervise her employees, including Plaintiff. (Id. at 5 ¶ 9) Upon announcement by the Assistant to the Clerk of Court that she would be resigning, Plaintiff applied for and was awarded the position. (Id. at 5 ¶¶ 8–11.) Plaintiff did not receive a pay increase as a result of the change in jobs from Jury Clerk to Assistant to the Clerk of Court. (Id. at 5, 11, 12 ¶¶ 13, 54, 61-62.) However, she moved into the office of the previous Assistant to the Clerk of Court and was given the tasks and responsibilities associated with that position. (Id. at 5 ¶ 15.)

On or about April 16, 2013, when Plaintiff received a new badge for entry into the courthouse, it did not reflect the title Assistant to the Clerk of Court. (Id. at 6 ¶ 22.) When Plaintiff asked about the discrepancy in title, she was told by Human Resources that the Clerk of Court, Liz Godard, had not submitted paperwork informing the County of a change in title. (Id. at 6 ¶ 23.) The next morning Plaintiff asked to meet with the Clerk of Court and the Civil Division Supervisor, Anita Koepfle, to discuss what she had been told by Human Resources. (Id. at 6 ¶ 24.)

Plaintiff then returned to Human Resources and inquired about filing a grievance in response to Godard's actions. (Id. at 6 ¶ 25.) She obtained a grievance package to complete, and filed the grievance on May 6, 2013. (Id. at 6 ¶ 26-27.) On May 13, 2013, the Clerk of Court dismissed Plaintiff due to insubordination. (Id. at 7 ¶ 32.)

Plaintiff originally filed this action in the Court of Common Pleas, Aiken County, South Carolina, on May 22, 2015. (ECF No. 1.) However, that Summons and Complaint was not served and an Amended Summons and Complaint were filed on September 17, 2015. (ECF No. 1-1.) The Amended Summons and Complaint were served on Robin Broome, an assistant for the Human Resources office for Aiken County. (ECF No. 3-3 at 1 ¶¶ 2–3.) Process server Winifred

Rodgers averred that she was told that Broome was authorized to accept service of process.

Defendant removed the action to this court on October 15, 2015, and filed the present Motion to Dismiss (ECF No. 1, 3.) On November 2, 2015, Plaintiff filed a Response in Opposition to Defendant's Motion to Dismiss. (ECF No. 7.) The Magistrate Judge issued the Report on May 31, 2016, recommending that the court grant Defendant's Motion to Dismiss. (ECF No. 13 at 5.) Defendant filed Objections to the Report on June 16, 2016. (ECF No. 14.) Plaintiff filed Objections to the Report on July 5, 2016. (ECF No. 19.) Defendant subsequently filed a Reply to Plaintiff's Objections to the Report on July 22, 2016. (ECF No. 20.)

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270–71 (1976). The court reviews *de novo* only those portions of the Magistrate Judge's Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

Federal Rule of Civil Procedure 12(b)(5) provides for the dismissal of an action for insufficient service of process. When service of process is attempted prior to removal of the action to the District Court, the state rules for service of process govern. See Redding v. Sun Printing, Inc., No. 5:12-cv-2113-JMC, 2013 WL 2149685, at *1 n.1 (D.S.C. May 16, 2013); accord Davis v. Tyson Foods, Inc., No. 3:14-cv-0720-GCM, 2015 WL 4638301, at *1 (W.D.N.C. Aug. 4, 2015) ("When service of process is attempted before removal to federal court, the state's service of process rules govern whether the attempt was sufficient."). For

3

Aiken County, the County Administrator fills the role of chief executive officer because Aiken County operates under the council-administrator form of government.  S.C. Code § 4-9-630(1) (2016) (administrator is "to serve as the chief administrative officer of the county government"); Antley v. Shepherd, 532 S.E.2d 294, 297 (S.C. Ct. App. 2000) ("Aiken County functions under the Council-Administrator form of government.").

A 12(b)(6) motion examines whether Plaintiff has stated a claim upon which relief can be granted. The United States Supreme Court has made clear that, under Fed. R. Civ. P. 8, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions.  Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 556 U.S. at 677-78 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d. 761, 765 (4th Cir. 2003).

### III. Analysis

A.     The Magistrate Judge's Recommendation

In the Report, the Magistrate Judge recommended the dismissal of Plaintiff's claims

4

because she was not an employee of Aiken County, therefore Aiken County lacked the authority to control the employment of Plaintiff. S.C. Code Ann. § 4-9-30(7) (2016) (stating that a county's "employment and discharge authority does not extend to any personnel employed in departments or agencies under the direction of an elected official . . . ."); <u>Eargle v. Horry Cty.</u>, 545 S.E.2d 276, 280 n.5 (S.C. 2001) (holding that § 4-9-30(7) prohibits a county from exercising "employment authority" over employees of elected officials).[1]  In making this recommendation, the Magistrate Judge looked at the following facts alleged by Plaintiff and Defendant:

- Plaintiff applied for the position as Godard's assistant (ECF No. 1-1 at 5 ¶ 9); she interviewed with Godard for the position, and was awarded the position upon the retirement of the previous assistant (<u>id.</u> at ¶¶ 10-11);
- Godard supervised and monitored Plaintiff (<u>id.</u> at ¶ 18);
- Plaintiff moved into the office of the Assistant to the Clerk of Court and assumed the tasks and responsibilities associated with that position (<u>id.</u> at ¶ 15);
- Godard's powers as Clerk of Court for Aiken County include the authority to hire, dismiss, and supervise her employees, including Plaintiff (<u>id.</u> at ¶ 9).

Plaintiff argued that she received an employment packet from Aiken County and received payroll checks from Aiken County; however, the Magistrate Judge recommended this argument be rejected because this court rejected such an argument in <u>Waters v. Orangeburg Cty.</u>, No. 5:99-1115, 2000 WL 33417008, at *5 (D.S.C. Aug. 1, 2001) (stating that the County's statutory obligation under S.C. Code Ann. § 4-1-80 to pay the salary of the employee of an elected official is inadequate to confer employment status on it).

The Magistrate Judge also noted that both this court and the Fourth Circuit have

---

[1] The Magistrate Judge noted in making this recommendation that in South Carolina, county clerks are elected officials. S.C. Const. art. V, § 24.  They are part of the unified judicial system of the State of South Carolina and are not under the control of the counties. S.C. Code Ann. §§ 14-1-40, 14-17-10 (2016).  As Aiken County operates under a council-administrator form of government "the county administrator shall exercise no authority over any elected officials of the county whose offices were created either by the Constitution or by the general law of the State." S.C. Code Ann. § 4-9-650 (2016).

recognized that counties in South Carolina do not employ the employees of elected officials.[2] Based on the foregoing, the Magistrate Judge recommended dismissal of Plaintiff's § 1983 cause of action for due process violations because Plaintiff was not an employee of Aiken County; therefore, the County cannot be liable for any alleged violation of Plaintiff's due process rights resulting from her salary or termination. Further, the Magistrate Judge recommended that because Plaintiff was not an employee of Aiken County, she was not entitled to a grievance hearing. See Amos-Goodwin v. Charleston Cty. Council, No. 97-2321, 1998 WL 610650 (4th Cir. Aug. 27, 1998). Finally, the Magistrate Judge recommended that Plaintiff's remaining state law claims be remanded to the Court of Common Pleas for Aiken County.[3]

B.     Plaintiff's Objections to the Report and Recommendation

In her Objections to the Report, Plaintiff first disagrees with the Magistrate Judge's

---

[2] The Magistrate Judge found the issue addressed in Amos-Goodwin v. Charleston Cty. Council, No. 97-2321, 1998 WL 610650 (4th Cir. Aug. 27, 1998), to be similar to the issue in this case. In Amos-Goodwin, employees who were hired by former probate judges as clerks of probate court were discharged by the newly elected probate judge. They subsequently sued the probate judge, Charleston County, and Charleston County Council under 42 U.S.C. § 1983, alleging violation of their First and Fourteenth Amendment Rights. The Fourth Circuit affirmed a dismissal of the claims against Charleston County and Charleston County Council because (1) these defendants had no authority over the employees of an elected official, and (2) because they were employees of the probate judge and not the county, they were not entitled to a grievance hearing. Similarly, the South Carolina Supreme Court held in Eargle that a county administrator lacked the power to discipline an elected official's employees, even where their conduct indisputably violated county personnel policy. Eargle, 545 S.E.2d at 277-78 (where a county administrator attempted to discipline an elected county auditor's employees for attending a funeral during work hours without taking leave or clocking out).

[3] In making this recommendation, the Magistrate Judge points to Title 28 U.S.C. § 1327(c)(3) which provides, in pertinent part, that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction…." The Fourth Circuit has recognized that "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995) (holding district court did not abuse its discretion in declining to retain jurisdiction over the state law claims). See also, e.g., United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726-27 (1966); Revene v. Charles Cty. Comm'rs, 882 F.2d 870, 875 (4th Cir. 1989).

conclusion that Plaintiff is not an employee of Aiken County, and therefore Aiken County cannot be liable for an alleged violation of Plaintiff's due process rights resulting from her salary or termination. (ECF No. 19 at 4.)  Plaintiff objects to the Magistrate Judge's citation to Amos-Goodwin and Eargle in his recommendation of the denial of her grievance rights by Defendant. (Id. at 4-5.) Plaintiff claims that unlike the plaintiffs in Amos-Goodwin and Eargle, she was denied grievance rights in regard to her salary. (Id. at 5.) Unlike the guidelines set out in these cases, Plaintiff contends that this case deals with "Plaintiff's salary set out in the County's policies and discharge, rather than the enforcement of the County's disciplinary policies." (Id. at 5).  Plaintiff argues that because Aiken County set forth policies by which she had to abide, "including the salary by which she was to be paid and the method by which employees were to be hired and fired," then she therefore should not be denied the right to grieve decisions related to these policies. (Id.)  Plaintiff therefore asserts that the court should rule that Plaintiff was an employee of Aiken County, and that because Plaintiff was acting under the policies set forth by the County, her grievance should be allowed. (Id. at 6.)  Accordingly, she asserts that "it would be inequitable to allow the County to escape liability for the wrongful acts committed against Plaintiff." (Id.)

Further, because Plaintiff objects to the Magistrate Judge's determination that Plaintiff was not an employee of Aiken County, Plaintiff also objects to the Magistrate Judge's recommendation that the service of process issue be deferred. Plaintiff argues that the service of process should have been concluded as sufficient "even though Defendant was not served in strict compliance with Rule 4."[4] (Id.)  It is undisputed that the pleadings were served on Robin

---

[4] In making this argument, Plaintiff cites Moore v. Simpson, 473 S.E.2d 64, 66 (S.C. Ct. App. 1996) ("exact compliance with the rules is not required to effect service of process. Rather, inquiry must be made as to whether the plaintiff has sufficiently complied with the rules such

7

Broome, Human Resources Assistant II, who is not authorized to accept service for Aiken County. (Id.)  However, Plaintiff argues that she should not be estopped from pursuing her claims for failure to serve the proper person because she asserts that despite improper service, Defendant received notice of the lawsuit and was able to respond accordingly within the required amount of time.  She evidences this by stating that Defendant was able to obtain counsel, and that counsel was able to timely remove the case to Federal Court as well as draft several accompanying documents and obtain Declarations from Liz Godard and Robin Broome. (Id.) Finally, Plaintiff states that there is a material issue of fact as to whether Defendant's Human Resources Assistant indicated that she was authorized to accept service.  (Id. at 7.) Plaintiff therefore asks the court to consider the service of process sufficient, even though it was not served on the correct person under Rule 4, because Defendant was given sufficient notice and time to respond to the lawsuit and "was not prejudiced by the inadvertent error of the process server." (Id. at 8).  Additionally, Plaintiff asks that if the court finds that the service of process was not sufficient, the court allow proper service to be made in accordance with 28 U.S.C. § 1448.[5] (Id.)

In consideration of the foregoing, Plaintiff requests that the court deny Defendant's Motion to Dismiss. (Id. at 9.)

---

that the court has personal jurisdiction of the defendant and the defendant has notice of the proceedings."). Plaintiff also states that "noncompliance with Rule 4 of the Federal Rules of Civil Procedure does not mandate dismissal where the necessary parties have received actual notice of a suit and where they have not been prejudiced by the technical defect in service." Smith v. St. Francis Hosp., CIV.A. 6:12-2533-TMC, 2013 WL 3973170, at *2 (D.S.C. July 31, 2013) (citing Karlsson v. Rabinowitz, 318 F.2d 666, 668-69 (4th Cir. 1963)).

[5] "In all cases removed from any State court to any district court . . . in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court." 28 U.S.C. § 1448.

C.     <u>Defendant's Reply to Plaintiff's Objections to Magistrate Judge's Report and Recommendation</u>

In response to Plaintiff's Objections to the Magistrate Judge's Report, Defendant reiterated the argument that it did not employ Plaintiff and it must therefore be dismissed from the lawsuit as a matter of law. (ECF No. 20 at 1.) Defendant states that Plaintiff's argument that her claim is against the County because it denied her grievance about her salary is undercut by her Amended Complaint. (<u>Id.</u>)  Plaintiff pleads in her Amended Complaint that she filed a grievance after she asked Human Resources why her new badge to access the courthouse did not indicate her new Clerk's Assistant title, and was told that no paperwork had been submitted by the Clerk of Court to reflect her promotion. (ECF 1-1 at 6 ¶ 19.) Plaintiff also pleads that once her grievance was finally heard, it was denied by Liz Godard, the Clerk of Court, and that Godard informed Plaintiff ten days later she was fired. (<u>Id.</u> at 7 ¶ 32).  Given the foregoing, Defendant argues that "[a]ll of the substantive employment actions [Plaintiff] pleads occurred – the alleged promotion, the failure to inform the County Human Resources of the promotion, the hearing and denial of Plaintiff's grievance, and Plaintiff's dismissal – were acts, or failures to act, by the Clerk of Court."  (ECF No. 20 at 2.)  By contrast, Defendant argues that Plaintiff pleads that the County's role was purely ministerial – limited to processing her promotion if it had received paperwork from the Clerk of Court, and administratively processing her grievance. (<u>Id.</u>)  Defendant argues that this is entirely consistent with <u>Eargle</u>, where the Supreme Court held that the County Administrator had no authority to enforce any provisions of the personnel policy against the employees of the elected auditor. <u>Eargle</u>, 545 S.E.2d at 279. Therefore, Defendant argues that any decision of the County would not have been final as to Plaintiff's grievance or lack of promotion. (ECF No. 20 at 2.)

Next, Defendant argues that not only was the service of process insufficient, this issue does not need to be considered by the court because Aiken County was not Plaintiff's employer. (Id. at 3.) It is undisputed that Robin Broome, whom the Amended Complaint was served upon, was not authorized to accept service. (ECF No. 19 at 6.) However, Defendant states that Plaintiff's claim that Broome told the process server she had authority to accept service is "irrelevant" because the S.C. Rules of Civil Procedure do not provide for delegation of that authority. (ECF No. 20 at 3.) Further, Plaintiff's request that the court consider 28 U.S.C. § 1448 if service of process is found insufficient is disputed by Defendant because "§ 1448 cannot be utilized to breathe jurisdictional life in federal court into a case legally dead in state court." (ECF No. 20 at 4 (citing Witherow v. Firestone Tire and Rubber Co., 530 F.2d 160, 168 (3rd Cir. 1976)).) Therefore, Defendant argues that because it did not employ Plaintiff or make the decisions about which she complains, "it is entitled to dismissal regardless of the service of process issue." (ECF No. 20 at 5.)

Given the foregoing, Defendant believes it is entitled to dismissal of Plaintiff's Amended Complaint. (Id.)

D.     Defendant's Objections to the Report and Recommendation

In its Objections to the Report, Defendant disagrees with the Magistrate Judge's recommendation that the court remand Plaintiff's state law claims because "the same conclusion that compels dismissal of the federal claim also compels dismissal of the state law claims." (ECF No. 14 at 1.) In making this argument, Defendant points to a codified exception to the concept of supplemental jurisdiction which states that the mere fact of disposition of the claim providing original federal jurisdiction does not defeat supplemental jurisdiction by the district court over state-law claims forming part of the same case or controversy. Shanaghan v. Cahill, 58 F.3d 106,

109 (4th Cir. 1995) (explaining § 1367). Cahill also states that the factors to be considered in a district court's decision whether or not to retain jurisdiction over state claims when all federal claims have been extinguished are "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." Id. at 110. Defendant argues that these factors weigh in favor of dismissing Plaintiff's state law claims, because the basis of the Magistrate Judge's recommendation of dismissal of Plaintiff's federal claim was that Plaintiff was not employed by Defendant, which has its basis in state law. (ECF No. 14 at 2 (citing S.C. Code § 4-9-650).) Additionally, Defendant argues that each of Plaintiff's remaining state law claims are based on Plaintiff's allegation that she was employed by Aiken County, which the Magistrate Judge has recommended as a matter of law that she was not. (ECF No. 14 at 3.) Defendant states that disposition of the state law claims "involves the simple application of a well-settled principle of state law: that counties do not exercise employment authority over employees of elected officials so as to be liable for those officials' acts." (Id.)

Given the foregoing, Defendant asks that the court reject the portion of the Report that recommends remand of the state law claims because the same principle of law governing dismissal of the § 1983 claim also compels dismissal of the remaining state law claims. (Id. at 4–5.)

E.     The Court's Review

To bring a successful § 1983 claim against Defendant, Plaintiff's deprivation of her procedural and substantive due process rights must have been proximately caused by Defendant. 42 U.S.C. § 1983; see Evans v. Chalmers, 703 F.3d 636 (4th Cir. 2012); Martinez v. Carson, 697 F.3d 1252, 1255 (10th Cir. 2012) (stating that defendants may be held liable under § 1983 only if the harm would not have occurred but for their conduct and if there were no unforeseeable

11

intervening acts superseding their liability). Here, the court agrees with the Magistrate Judge that Plaintiff cannot be considered an "employee" of Defendant and that Defendant lacked the authority to control the employment of Plaintiff as well as the authority to control the outcome of her grievance. Additionally, S.C. Code Ann. § 4-9-30 (2016) as well as the reasoning in Eargle provides that South Carolina's counties do not employ the employees of elected officials. Only the Clerk of Court, an elected official, exercised authority over Plaintiff's employment. Therefore, since Defendant was not Plaintiff's employer, it did not proximately cause any violation of Plaintiff's due process rights resulting from her employment or termination. It appears beyond doubt that Plaintiff can prove no set of facts which would entitle her to relief against Defendant on this federal claim. Accordingly, Plaintiff's § 1983 claims against Defendant Aiken County must be dismissed as a matter of law.

Additionally, trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished. Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995) (holding the district court did not abuse its discretion in declining to retain jurisdiction over the state law claims). Accordingly, the court agrees with the Magistrate Judge that remand of the state law claims to the Court of Common Pleas for Aiken County is proper.

Finally, because the court has already ruled that Plaintiff's § 1983 claims against Defendant must be dismissed, it need not address the service of process issue. Even if Plaintiff had properly served the Amended Complaint to a person authorized to accept service, Aiken County was not Plaintiff's employer and therefore was not the proximate cause of any alleged deprivation of substantive or procedural due process rights. Accordingly, Defendant is nonetheless entitled to dismissal regardless of the service of process issue.

## IV. Conclusion

For the reasons set forth above, the court hereby **GRANTS IN PART** Defendant Aiken County's Motion to Dismiss the Amended Complaint and dismisses Plaintiff's § 1983 claim. (ECF No. 3.) Accordingly, the court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 13) and incorporates it by reference. The court **REMANDS** Plaintiff's state law claims to the Court of Common Pleas for Aiken County, South Carolina for further proceedings.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

August 18, 2016
Columbia, South Carolina

13